IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bobby Miller, | Civil Action No.: 2:10-2108-HMH-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| James Metts and Trinity Food Services, | |
| Defendants. | |

The Plaintiff, a pro se prisoner, filed this action alleging civil rights violations pursuant to 42 U.S.C. § 1983. Before the court is the Defendant Trinity Food Services' Motion to Dismiss, or, alternatively, for Summary Judgment (Dkt. # 19)[1] and the Defendant Metts' Motion for Summary Judgment (Dkt. # 22).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under §1983, and submit findings and recommendations to the District Court.

On November 12, 2010, the Defendant Trinity Food Services filed a motion for summary judgment. (Dkt. # 19.) On November 15, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motions. (Dkt. # 20.) On December 15, 2010, the Defendant Metts filed a Motion for Summary Judgment. (Dkt. # 22.) On December 16, 2010, pursuant to *Roseboro*, the Plaintiff was again advised

---

[1]Because the parties have submitted, and the Court has considered, matters outside of the complaint, the Defendant Trinity Food Services' motion will be treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .").

of the summary judgment process and possible consequences if he failed to respond. (Dkt. # 24.) The Plaintiff filed one response in opposition to the both of the Defendants' motions on January 24, 2011. (Dkt. # 28.)

## FACTS

The Plaintiff is currently incarcerated at the Federal Correctional Institution in Estill. (Dkt. # 1 - Attach. # 1.) At the time of the incidents alleged in the Complaint, the Plaintiff was incarcerated at the Lexington County Detention Center ("LCDC"). The Plaintiff claims that he contracted food poisoning from a dinner served to him at the LCDC. In his Complaint, the Plaintiff specifically alleges that he ate dinner on April 28, 2010, and at approximately 4;15 a.m. the next morning, he began to experience severe stomach cramps. (Compl. at 3.) He alleges he tried to use the bathroom, but that there were at least ten to fifteen people on each level of the LCDC using all the bathroom stalls. *Id.* He alleges he was forced to use the bathroom in a trash bag in the shower. *Id.* He acknowledges he was seen by the doctor and given the generic equivalent to Pepto Bismal. (Compl. at 4.) He alleges that since the incident his stomach still has not adjusted and that he has trouble "holding" the food served a the LCDC. *Id.* He also alleges that the inmates were prohibited from using the phone and placed on lockdown to "prevent [them] from calling [their] families, DHEC, Marshall or any other source of help . . ." *Id.* He is seeking $1,000,000 in damages. (Compl. at 5.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

2

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

3

## DISCUSSION

Construing the Complaint liberally, the Plaintiff alleges the Defendants have been deliberately indifferent to his serious medical needs and subjected him to inhumane unconstitutional conditions of confinement. The Defendants contend the Plaintiff has failed to state any § 1983 claims. The undersigned agrees.

**Medical Indifference Claims**

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105.[2] Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Deliberate indifference is a very high standard. In *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to

---

[2] It appears at the time of the incidents alleges in the Complaint, that the Plaintiff was a pretrial detainee at the LCDC. Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992).

4

fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle,* 429 U.S. 104; *Farmer*, 511 U.S. 825; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann,* 906 F.Supp. 1025, 1037 (E.D.Va.1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Further, claims of mere negligence, malpractice, or incorrect diagnosis are not actionable under § 1983. *Estelle,* 429 U.S. at 106. While the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *see also Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).

Reviewing the Complaint, there are not sufficient facts alleged to show that the Defendants demonstrated deliberate indifference to the Plaintiff's serious medical needs. The Complaint alleges, at most, mere negligence or delay in treatment. However, there is no medical evidence in the record that any such delays resulted in any injury to the Plaintiff. *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1188-1189 (11th Cir. 1994) (holding "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental

effect of delay in medical treatment to succeed"). In his Complaint, the Plaintiff acknowledges that he was given medication and he does not allege any injury from the incident.  (Compl. at 4.)   Reviewing the entire record, the undisputed evidence is that the Plaintiff eventually received adequate care for his complaints regarding his illness and that none of the inmates suffered any lasting effects. (Defs. Metts' Mem. Supp. Summ. J. Mot. Attach. # 2 - Aff. Shari Saunders ¶ 7; 11.)  Accordingly, based on the foregoing, the Plaintiff's medical indifference claims should be dismissed.

**Conditions of Confinement Claims**

With respect to a detainee's conditions-of-confinement claims, as the United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825, a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) only when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) the prison official must have a 'sufficiently culpable state of mind,' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted).  The Court further determined that its standard for "deliberate indifference" is "subjective recklessness as used in the criminal law."  *Id.* at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Forbes v. Edgar,* 112 F.3d 262, 266 (7th Cir.1997) (internal citation omitted); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) (applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

In this case, the Plaintiff alleges no conduct on the Defendant's part that approaches deliberate indifference.   He sets forth no facts showing that the Defendants knowingly, or

6

with reckless disregard, served him bad food that caused his illness. Furthermore, there are no allegations that would permit the Court to infer deliberate indifference from the surrounding circumstances alleged. There are just not enough facts alleged to permit a liberal construction of the documents to state any possible deliberate indifference or bad intent on the Defendants' part. The Plaintiff has failed to state a viable Eighth and/or Fourteenth Amendment claim. It appears that the Plaintiff received adequate care for his complaints of food poisoning and his complaints were quickly resolved over the course of one day. The law is clear that a single incidence of unintended food poisoning is not a constitutional violation. *See, e.g., George v. King*, 837 F.2d 705 (5th Cir.1988); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996)(unpublished).

To the extent that the Plaintiff alleges he was placed on lockdown and not allowed family visitation or to receive or make phone calls to his family, these allegations also do not support a §1983 claim. While prisoners retain certain constitutional rights, these rights may be limited or restricted if necessary to maintain the internal order and security of the prison. *Bell v. Wolfish,* 441 U.S. 520 (1979). The courts should defer to the judgment of prison administrators concerning the means of maintaining security unless there is substantial evidence in the record that they have adopted an exaggerated response to a perceived problem. *Bell*, 441 U.S. at 548. Here, prison officials determined that in order to determine the source of the illness and sanitize the common areas of the LCDC, a lockdown of the inmates was necessary. (Def. Metts' Summ. J. Mot. Attach. # 2 - Aff. of Joseph B. Quig, II, ¶ 13.) There is no evidence that this response to the circumstances was unreasonable or that the LCDC attempted to conceal the incident. Furthermore, it is undisputed that the lockdown was a temporary measure and the inmates were released from lockdown the same day. *Id.* at ¶ 14. Furthermore, following the incident, on April 30, 2010, the South Carolina Department of Health and Environmental Control inspected the LCDC and

prepared a written report.   (*Id.* at 17; Def. Trinity Food Servs.' Summ. J Mot. Attach. # 2 - Aff. of Mary Miley at ¶ 16.)

## CONCLUSION

Accordingly, based on the foregoing, it is recommended that the Defendants' Motions for Summary Judgment (Dkt. # 19 and 22) be GRANTED and the Complaint dismissed with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 17, 2011
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).